IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| JAMES R. SCHARPF, ) | |
| TAMMY J. SCHARPF, ) | Bankruptcy No. 09-00246 |
| ) | |
| Debtors. ) | |

**ORDER RE: DEBTORS' MOTIONS TO REOPEN (Doc. 31)
AND TO AMEND SCHEDULE (Doc. 35) AND
CREDITOR'S MOTION TO DISMISS (Doc. 40)**

This matter came before the undersigned on February 10, 2012 on Debtors' Motions to Reopen and to Amend Schedule and Creditor Robert Thola's Response and Motion to Dismiss. Debtors James and Tammy Scharpf were represented by Attorney Francis Henkels. Creditor Robert Thola was represented by Attorney Douglas Henry. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

**STATEMENT OF THE CASE**

Debtors filed a Chapter 7 petition on February 11, 2009. The Chapter 7 Trustee determined that no assets existed for distribution to creditors. Discharge entered on June 3, 2009 and the case was closed.

Debtors filed a Motion to Reopen and the case was reopened on October 25, 2011. On December 16, 2011, Debtors filed Motion to Amend Schedule and for Setting Bar Date. The Motion states that a debt owed to Robert Thola in the amount of $15,000 was included in the original filing but no address was included on the schedule or matrix. The Motion and the related order entered December 16, 2011

give Mr. Thola 30 days to file an objection to discharge of the debt. Debtors request that if no objection is filed by the bar date, discharge of the debt in question should be entered.

Creditor Robert J. Thola filed a Response and Motion to Dismiss on January 13, 2012. As noted in Debtors' Motion to Reopen, Mr. Thola filed a law suit against Debtor James Scharpf in the Iowa District Court in Dubuque County in July 2010, Case No. LACV056681. That court determined that Mr. Thola's claim against Debtor was not discharged under § 523(a)(3)(A)[1] because Mr. Thola did not have notice of the bankruptcy case. Subsequently, the court entered default judgment against Debtor James Scharpf.

Mr. Thola argues that Debtor is barred by the Rooker-Feldman doctrine and claims preclusion from receiving any relief in this reopened case and the case should be closed. He argues this Court does not have jurisdiction to discharge the debt because that issue has already been decided by the Iowa District Court to Debtor's detriment. In the alternative, Mr. Thola asserts that the case should be reopened to allow him to institute proceedings to determine the debt is excepted from discharge under § 523(a)(2) for fraud or false representation. Mr. Thola filed Exhibits as directed by the Court as Docs. 43 and 44, which include the relevant documents from the Dubuque District Court.

## CLAIMS PRECLUSION

---

[1] Mr. Thola's response lists the relevant section as § 523(a)(3)(B). The Dubuque County Court Order of February 21, 2011, filed as page 7 and 8 of Doc. 44, however, makes its determination under § 523(a)(3)(A).

It is well settled that a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981); In re Carroll's Wine Co., 332 B.R. 874, 875 (Bankr. N.D. Iowa 2005).

> The law of claim preclusion bars further claims by parties or their privies based on the same cause of action where there has already been a final determination on the merits. In re Kapp, 611 F.2d 703, 707 (8th Cir. 1979) (citing Montana v. United States, 440 U.S. 147, 153 (1979)). "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Kapp, 611 F.2d at 707. Thus, claim preclusion may be used to establish the validity of a creditor's claim in bankruptcy. In re Calvert, 105 F.3d 315, 318 (6th Cir. 1997); In re Brazelton Cedar Rapids Group LC, 264 B.R. 195, 200 (Bankr. N.D. Iowa 2001).

In re Ziadeh, 276 B.R. 614, 618 (Bankr. N.D. Iowa 2002). For a claim to be precluded under the doctrine of res judicata, five elements must be satisfied:

> (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties (or those in privity with them); and (4) both suits are based upon the same claims or causes of action. Furthermore, the party against whom res judicata is asserted must [(5)] have had a full and fair

3

opportunity to litigate the matter in the proceeding that is to be given preclusive effect.

Rutherford v. Kessel, 560 F.3d 874, 877 (8th Cir. 2009).

The court in In re Stewart, 208 B.R. 921, 923 (Bankr. E.D. Ark. 1997), held that the doctrine of res judicata precluded it from retrying a determination of dischargeability under § 523(a)(3)(A). Similarly, the court in In re Gustin, 343 B.R. 909, 914 (Bankr. W.D. Wis. 2005), applied the doctrine of issue preclusion to prevent relitigation of a claim that a creditor violated the discharge where a state court had determined that the creditor's claim was excepted from discharge under § 523(a)(3)(A).

## ROOKER-FELDMAN DOCTRINE

The Rooker-Feldman doctrine holds that federal trial courts, such as bankruptcy courts, lack jurisdiction to engage in appellate review of state court determinations. In re Hoffinger Indus., Inc., 329 F.3d 948, 950 (8th Cir. 2003). It precludes a federal action "if the relief requested in the federal action would effectively reverse the state court decision or void its holding." Id. at 951; see also In re Athens/Alpha Gas Corp., --- B.R. ---, 2012 WL 280711, *3 (B.A.P. 8th Cir. Feb. 1, 2012).

This Court has previously stated:

4

A majority of courts find that § 523(a)(3)(A) requires that in a no asset, no bar date, Chapter 7 case, a prepetition debt is discharged regardless of whether the claim is listed in the debtor's schedules. See Waterson v. Hall, 515 F.3d 852, 856 (8th Cir. 2008) (noting this rule did not apply because the case was not truly a "no asset" case); Bankruptcy Law Manual § 4:35 (5th ed.2007); In re Madaj, 149 F.3d 467, 468–69 (6th Cir. 1998); In re Hauge, 232 B.R. 141, 147–48 (Bankr. D. Minn. 1999) (no harm/no foul when failure to give notice to the creditor is in a no-asset case with no deadline for filing proofs of claims).   In a no asset, no bar date, Chapter 7 case, the time for filing a claim never ends and § 523(a)(3)(A) does not apply.

In re Wagner, No. 01-01490, 2008 WL 1968803, *1 (Bankr. N.D. Iowa May 6, 2008).   Because Wagner was a no asset, no bar date case, § 523(a)(3)(A) did not apply to except a debt from discharge even though the claimholder did not receive notice of the bankruptcy case.   Id. at *2.   In Wagner, the Court also notes that a state court has jurisdiction, concurrent with the bankruptcy court, to determine dischargeability of debts other than those under § 523(a)(2), (4) or (6).   See In re Everly, 345 B.R. 791, 796 (B.A.P. 8th Cir. 2006); In re Mitchell, 418 B.R. 282, 287 (B.A.P. 8th Cir. 2009).

## ANALYSIS

The Iowa District Court, in its Order of February 21, 2011, found that Mr. Thola had not received notice of Debtor's bankruptcy case and his claim was excepted from discharge under § 523(a)(3)(A).   This Court and others have found

5

to the contrary, as in the <u>Wagner</u> case. Under the Rooker-Feldman doctrine as well as the laws of claim preclusion, however, this Court may not substitute its determination for that of the Iowa District Court.

The law of claim preclusion prevents relitigation in this forum of the dischargeability of Mr. Thola's claim. The Iowa District Court's order states that both parties, Debtor and Mr. Thola, appeared with counsel at the hearing. The Order is a final judgment on the merits by a court which has jurisdiction concurrent with the bankruptcy court. In both proceedings, the issue is whether Mr. Thola's claim was discharged in Debtor's bankruptcy case. All the elements of claim preclusion are satisfied.

Furthermore, under the Rooker-Feldman doctrine, this court lacks jurisdiction to engage in review of the Iowa District Court's determination. Debtor requests that this Court find Mr. Thola's claim is discharged. Such a determination would effectively void the holding of the Iowa District Court, in violation of the Rooker-Feldman doctrine.

Pursuant to § 350(b), the Court may reopen a case to accord relief to the debtor, or for other cause. Debtor's sole reason to reopen the case is to discharge Mr. Thola's claim. Because that relief is foreclosed by the Order of the Iowa District Court, no cause exists to keep this case open.

**WHEREFORE**, pursuant to the Order entered February 21, 2011 by the Iowa District Court in Dubuque County, Case No. LACV056681, the claim held by

Robert Thola against Debtor James Scharpf is excepted from Debtor's discharge under § 523(a)(3)(A).

**FURTHER**, no cause exists to reopen this case as the Court cannot afford the requested relief to Debtor.

**FURTHER**, this case shall be closed.

Dated and Entered: February 22, 2012

*[signature]*

PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

7